O

1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10

11  MICHAEL BOWE,                    )  Case No. CV 11-08381 DDP (SHx)
                                     )
12                  Plaintiff,       )
                                     )  **ORDER GRANTING PLAINTIFF'S**
13       v.                          )  **APPLICATION FOR TEMPORARY**
                                     )  **RESTRAINING ORDER**
14  AMERICAN MORTGAGE NETWORK,       )
    INC.; MORTGAGE ELECTRONIC        )
15  REGISTRATION SYSTEMS, INC.;      )
    CALIFORNIA RECONVEYANCE          )  [Dkt. No. 2]
16  COMPANY; JP MORGAN CHASE         )
    BANK, NA; BANK OF AMERICA,       )
17  NA,                              )
                                     )
18                  Defendants.      )
    _____ )
19

20       This matter comes before the court on Plaintiff Michael Bowe's

21  application for a temporary restraining order ("TRO").  After

22  reviewing and considering the materials submitted by Plaintiff, the

23  court GRANTS the application.

24  **I.   BACKGROUND**

25       On October 11, 2011, Plaintiff filed a verified complaint

26  alleging seven causes of action, including violations of California

27  Civil Code § 2923.5 and California Civil Code § 2924f, against

28  Defendants in connection with their attempt to foreclose upon

1  Plaintiff's home, located at 3958 Keeshen Drive, Los Angeles,

2  California 90066.  Also on October 11, 2011, Plaintiff filed an

3  application for a Temporary Restraining Order ("TRO"), seeking to

4  halt a foreclosure sale scheduled for October 12, 2011.

5  **II. Legal Standard**

6      The Supreme Court set forth the standard for assessing a

7  motion for preliminary injunction in <u>Winter v. Natural Resources</u>

8  <u>Defense Council, Inc.</u>, 129 S. Ct. 365, 376 (2008).  "Under <u>Winter</u>,

9  plaintiffs seeking a preliminary injunction must establish that (1)

10 they are likely to succeed on the merits; (2) they are likely to

11 suffer irreparable harm in the absence of preliminary relief; (3)

12 the balance of equities tips in their favor; and (4) a preliminary

13 injunction is in the public interest."  <u>Sierra Forest Legacy v.</u>

14 <u>Rey</u>, 577 F.3d 1015, 1021 (9th Cir. 2009).

15 **III.  Discussion**

16   Having reviewed Plaintiff's pleadings and without the benefit of

17 an opposition from Defendants, the court concludes that Plaintiff

18 has made a showing of likelihood of success on the merits and that

19 the balance of hardships weighs heavily in favor of issuing the

20 TRO.

21     Plaintiff asserts that Defendants failed to comply with

22 California Civil Code § 2923.5, which requires that a mortgagee,

23 beneficiary, or authorized agent contact, or attempt to contact, a

24 borrower to discuss options for the borrower to avoid foreclosure

25 before filing a Notice of Default.  A foreclosure sale cannot

26 proceed without a valid Notice of Default.  <u>Mabry v. Superior</u>

27 <u>Court</u>, 185 Cal.App.4th 208, 223 (2010).  Plaintiff has also

28 alleged that Defendants failed to provide him with proper notice of

1  trustee's sale, as required by California Civil Code § 2924f.  A

2  foreclosure sale cannot be made absent proper notice.  Cal. Civ.

3  Code § 2924f(b)(1).

4       Plaintiff has, therefore, shown a likelihood of success on the

5  merits.  The improper sale of Plaintiff's home in the absence of a

6  TRO would like cause Plaintiff immediate, irreparable harm.  It

7  does not appear that Defendants will suffer any great injury should

8  a TRO issue.  Further, given the improprieties alleged here, the

9  court concludes that a TRO would benefit the public interest in

10 maintaining the integrity of California's non-judicial foreclosure

11 procedures.

12      Therefore, at this time, the court is persuaded that a TRO

13 should issue.  The court will consider Defendants' arguments at the

14 upcoming hearing for a preliminary injunction.

15      Accordingly, it is hereby ordered that Defendants and

16 Defendants' respective agents, employees, representatives, and all

17 persons acting under Defendants' direction are enjoined from

18 foreclosing on the certain real property located at 3958 Keeshen

19 Drive, Los Angeles, California 90066, or from taking any further

20 action in an attempt to foreclose on or conduct a trustee's sale of

21 Plaintiff's residence.

22 **IV.   CONCLUSION**

23      For the foregoing reasons, the court GRANTS Plaintiff's

24 application for a TRO.  In addition, a Preliminary Injunction

25 Hearing is set for Thursday, October 20 2011 at 10:00 a.m.

26 IT IS SO ORDERED.

27 Dated:October 11, 2011

28                                    DEAN D. PREGERSON
                                     United States District Judge

3