O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL BOWE,                        )  Case No. CV 11-08381 DDP (SHx)
                                     )
              Plaintiff,             )
                                     )  **ORDER GRANTING DEFENDANTS' MOTION**
        v.                           )  **TO DISMISS**
                                     )
AMERICAN MORTGAGE NETWORK,           )
INC.; MORTGAGE ELECTRONIC            )
REGISTRATION SYSTEMS, INC.;          )  [Dkt. Nos. 25, 29]
CALIFORNIA RECONVEYANCE              )
COMPANY; JP MORGAN CHASE             )
BANK, NA; BANK OF AMERICA,           )
NA,                                  )
                                     )
              Defendants.            )
                                     )
_____        )

     Presently before the court are the Motions to Dismiss
Plaintiff's Complaint("Motion") filed by Defendants American
Mortgage Network, Inc. ("AMN"); Mortgage Electronic Registration
System, Inc. ("MERS"); California Reconveyance Company ("CRC"); JP
Morgan Chase Bank, N.A. ("Chase"); and Bank of America, N.A.
("BANA") (collectively "Defendants").  Having considered the
parties' moving papers, the court grants the motions and adopts the
following order.

# I. Background

On October 26, 2005, Plaintiff Michael Bowe obtained refinancing ("Loan" or "Note") from Defendant AMN that was secured by a Deed of Trust ("Deed") to the property located at 3958 Keeshen Drive, Los Angeles, California 90066 ("Subject Property" or "Property"). (Compl.¶¶ 8, 17, 19, 20, 21). Defendant MERS is identified as the beneficiary of the Deed and the nominee for the lender; non-party First American Title Insurance Company ("First American")is named as the trustee under the Deed. (Id. at ¶¶ 22, 24).

In order to obtain the refinancing, Plaintiff submitted a Uniform Residential Loan Application ("Application") to Foundational Financial, the broker for AMN. (Id. at 17). The Application was furnished to Bowe by Foundational Financial with all of the items already completed.[1] (Id.) Plaintiff expressed concern that his income as stated on the Application was inflated. (Id. at ¶ 18). Foundational Financial informed Plaintiff that his was "a stated income loan," and assured Plaintiff that his income would never be verified and that the numbers were chosen by Foundational Financial to satisfy their underwriting guidelines. (Id.).

Sometime between October 26, 2005, and March 17, 2011, AMN transferred the Note to an investment trust.[2] (Id. at 25). On March 18, 2011, MERS assigned the beneficial interest under the

---

[1] Although Foundational Financial played a key role in this transaction, Plaintiff has not named Foundation Financial as a Defendant in this matter.

[2] Though the Complaint refers to "AMC" in this instance, it appears to the court that Plaintiff is referring to Defendant AMN.

1   Deed to BANA.  (Id. at 26).  The Assignment was signed by Colleen
2   Irby, who Plaintiff believes is not an officer, employee or agent
3   of MERS.  (Id. at ¶ 27).  The same day, BANA executed a
4   Substitution of Trustee ("Substitution"), identifying Defendant CRC
5   as the new trustee under the Deed.  (Id. at ¶¶ 30, 31, Ex. 5).
6   Plaintiff alleges that CRC is a wholly owned subsidiary of Chase.
7   (Id. at 33).  The Substitution was also signed by Colleen Irby, who
8   Plaintiff believes is not an officer, employee or agent of Chase.
9   (Id. at ¶ 32).  Additionally, on that same day, CRC, as the new
10  trustee under the Deed, executed a Notice of Default ("NOD"), which
11  stated that Plaintiff was $38,297.01 behind on his Loan payments.
12  (Motion 2:14-16).
13      On June 20, 2011, CRC executed a Notice of Trustee's Sale
14  ("NOTS").  (Id. at Ex. A).  Plaintiff alleges that the NOTS was
15  unsigned, but was said to be on the authority of Regina Cantrell,
16  Assistant Secretary of CRC, as Trustee. (Id. at ¶ 43).  A public
17  auction of the Subject Property was set for October 12, 2011.  (Id.
18  at 49).
19      On October 11, 2011, Plaintiff filed a verified complaint
20  alleging seven causes of action, including violations of California
21  Civil Code § 2923.5 and California Civil Code § 2924f, against
22  Defendants in connection with their attempt to foreclose upon
23  Plaintiff's home.  Also on October 11, 2011, Plaintiff filed an
24  application for a Temporary Restraining Order ("TRO"), seeking to
25  halt a foreclosure sale scheduled for October 12, 2011, which was
26  granted.  On October 20, 2011, a Preliminary Injunction Hearing was
27  held.  Defendants failed to oppose the Preliminary Injunction or
28  appear at the Preliminary Injunction Hearing, and Plaintiff was

1   granted a Preliminary Injunction against the foreclosure sale.

2   Defendants MERS, CRC, Chase, and BANA filed their Motion to Dismiss

3   on November 4, 2011.  Defendant AMN filed its Motion to Dismiss on

4   November 17, 2011.

5   **II.  Legal Standard**

6        Under Federal Rule of Civil Procedure 12(b)(6), a complaint is

7   subject to dismissal when the plaintiff's allegations fail to state

8   a claim upon which relief can be granted.  When considering a

9   12(b)(6) motion to dismiss for failure to state a claim, "all

10  allegations of material fact are accepted as true and should be

11  construed in the light most favorable to [the] plaintiff."  Resnick

12  v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

13       In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the

14  Supreme Court explained that a court considering a 12(b)(6) motion

15  should first "identify[] pleadings that, because they are no more

16  than conclusions, are not entitled to the assumption of truth."

17  Id.  Next, the court should identify the complaint's "well-pleaded

18  factual allegations, . . . assume their veracity and then determine

19  whether they plausibly give rise to an entitlement to relief."

20  Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th

21  Cir. 2009) ("In sum, for a complaint to survive a motion to

22  dismiss, the non-conclusory factual content, and reasonable

23  inferences from that content, must be plausibly suggestive of a

24  claim entitling the plaintiff to relief" (internal quotation marks

25  omitted).

26  ///

27  ///

28  ///

4

**III. Discussion**

   A.  Tender

   Defendants argue that all of Plaintiff's causes of action, except for the first cause of action for violation of California Civil Code § 2923.5, are barred because Plaintiff has failed to satisfy the tender rule.  "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure."  <u>Alicea v. GE Money Bank</u>, 2009 WL 2136969 *3 (N.D. Cal. 2009).  The tender requirement spares courts from being called upon to "order a useless act performed" in cases where plaintiffs would be unable, even under proper sale procedures, to redeem a property.  <u>FPCI RE-HAB 01 v. E & G Investments, Ltd</u>., 207 Cal.App.3d 1018, 1021-22 (1989).  An exception to the tender rule may apply, however, where it would be inequitable to require tender.  <u>Onofrio v. Rice</u>, 55 Cal. App. 4th 413, 424 (1997).  Courts have applied the equitable exception to the tender rule where plaintiffs contest the validity of a foreclosure prior to the foreclosure sale.  <u>See, e.g.</u>, <u>Tamburri v. Suntrust Mortgage, Inc.</u>, 2011 WL 6294472 *3, 5 (N.D. Cal. December 15, 2011); <u>Sacchi v. Mortgage Electronic Registration Systems, Inc.</u>, 2011 WL 2533029 *9-10 (C.D. Cal. June 24, 2011).

   Plaintiff's opposition is internally inconsistent and logically convoluted, rendering it difficult for the court to ascertain whether an exception to the tender rule applies here. While a challenge to the validity of a foreclosure sale may warrant invocation of an exception, Plaintiff here asserts that tender is

1   not required because the underlying contract note is void <u>ab initio</u>

2   (Opp. at 3).  To the extent that Plaintiff's arguments are premised

3   upon his Fifth Cause of Action for "No Contract," the arguments are

4   misplaced.  As Plaintiff appears to implicitly concede, "No

5   Contract" is an affirmative defense, not a cause of action,

6   regardless of Plaintiff's assertion that "glaring deficiencies" in

7   California's non-judicial foreclosure state leave him "no other way

8   to assert this defense to the foreclosure."  (Opp. at 10).

9   Furthermore, to the extent that Plaintiff's assertion that "[t]he

10  Note was separated from the deed of trust and atomized" can be

11  understood to support his argument that the pending foreclosure

12  sale is invalid, that assertion is itself contradicted by

13  Plaintiff's later contention that he "is <u>not</u> challenging the

14  securitization of the loan."  (Opp. at 6,7 (emphasis added).)

15       To the extent that Plaintiff can allege a specific set of

16  facts to support his claim that the pending foreclosure sale is

17  void, an exception to the tender rule may apply and wrongful-

18  foreclosure claims may survive.  <u>Tamburri</u>, 2011 WL at *5; <u>Sacchi</u>,

19  2011 WL at *8.  As currently pled, however, the complaint does not

20  give rise to facts that warrant an exception to the tender rule and

21  give rise to a plausible claim for relief.[3]  Accordingly,

22

23

24

25

─────────────

26       [3] The court notes, for example, that Plaintiff's allegation
    that a Notice of Trustee's sale was never recorded (Compl. ¶ 54)
27  appears to conflict not only with the complaint itself (Compl. ¶¶
    42-43 referring to "unsigned" Notice of Trustee's Sale), but also
28  with judicially noticeable documents (Defendants' Request for
    Judicial Notice, Ex. A (signed Notice of Trustee's Sale).

1  Plaintiffs' Second, Third, Fourth, Fifth, Sixth, and Seventh Causes

2  of action are DISMISSED, with leave to amend.[4]

3      B.  Violation of California Civil Code § 2923.5

4      Plaintiff's First Cause of Action for violation of California

5  Civil Code § 2923.5 is founded upon the allegation that the

6  declaration of compliance was not signed by someone with personal

7  knowledge.  (Compl. ¶¶ 41, 44).  California does not require the

8  declaration of compliance to be signed by a person with firsthand

9  knowledge of the foreclosure proceedings.  Mabry v. Superior Court,

10  185 Cal. App. 4th 208, 233 (2010)(stating that "too many people are

11  necessarily involved in the process for one person to likely be in

12  the position where he or she could swear that all three

13  requirements of the declaration . . . were met.").  Under Section

14  2923.5, a borrower must be contacted prior to foreclosure

15  proceedings to discuss financial options to avoid foreclosure.

16  Cal. Civ. Code § 2923.5(a)(2)).  Plaintiff has failed to plead that

17  he was not properly contacted to discuss financial options.

18  Acknowledging this deficiency, as well as the lack of any personal

19  knowledge requirement, Plaintiff requests leave to amend the First

20  Cause of Action.  (Opp. at 6.)  Accordingly, this cause of action

21  is dismissed with leave to amend.

22      **IV.  Conclusion**

23      For the reasons stated above, Defendant's Motion is GRANTED.

24  Plaintiff's Fifth Cause of Action is DISMISSED with prejudice.  All

25

26

27  ────────────────

28      [4] The court's grant of leave to amend should not be read to
have any bearing on the viability of the dismissed claims.

remaining claims are dismissed with leave to amend.[5]  Any amended
complaint shall be filed within 14 days of the date of this order.

IT IS SO ORDERED.

Dated: June 8, 2012

DEAN D. PREGERSON
United States District Judge

---

    [5] The Complaint does not specify the specific defendants
against whom each of the causes of action is brought.  Given
Plaintiff's allegation that Defendant AMN quickly transferred its
interest in the note (Compl. ¶ 25), the Complaint's lack of further
reference to AMN, Plaintiff's assertion that he is not challenging
the securitization of the Note (Opp. at 7), the dismissal of
Plaintiff's Fifth Cause of Action, and the failure of Plaintiff's
consolidated opposition to address the points raised in AMN's
Motion to Dismiss, all claims against Defendant AMN are DISMISSED
with prejudice.