O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL BOWE,                        )   Case No. CV 11-08381 DDP (SHx)
                                     )
                    Plaintiff,       )
                                     )   **ORDER GRANTING DEFENDANTS' MOTION**
         v.                          )   **TO DISMISS FIRST AMENDED**
                                     )   **COMPLAINT**
AMERICAN MORTGAGE NETWORK,           )
INC.; MORTGAGE ELECTRONIC            )
REGISTRATION SYSTEMS, INC.;          )
CALIFORNIA RECONVEYANCE              )   [Dkt. No. 39]
COMPANY; JP MORGAN CHASE             )
BANK, NA; BANK OF AMERICA,           )
NA,                                  )
                                     )
                    Defendants.      )
                                     )
_____       )

     Presently before the court is the Motion to Dismiss First
Amended Complaint filed by Defendants Mortgage Electronic
Registration System, Inc. ("MERS"); California Reconveyance Company
("CRC"); JP Morgan Chase Bank, N.A. ("Chase"); and Bank of America,
N.A. ("BANA") (collectively "Defendants").  Having considered the
submissions of the parties, the court grants the motion and adopts
the following order.
///

## I.  Background

     As described in this court's earlier order granting Defendants' motion to dismiss, Plaintiff Michael Bowe obtained home loan refinancing ("Loan" or "Note")that was secured by a Deed of Trust ("Deed") to the property located at 3958 Keeshen Drive, Los Angeles, California 90066 on October 26, 2005.  The Deed listed Defendant MERS as beneficiary of the Deed and the nominee for the lender.

     Sometime between October 26, 2005, and March 17, 2011, the lender transferred the Note to an investment trust.  On March 18, 2011, MERS assigned the beneficial interest under the Deed to BANA. (FAC ¶ 39.)  The Assignment was signed by Colleen Irby, who Plaintiff believes is not an officer, employee or agent of MERS. (FAC ¶ 41.)  The same day, BANA executed a Substitution of Trustee ("Substitution"), identifying Defendant CRC as the new trustee under the Deed.  (FAC ¶ 43.)  Plaintiff alleges that CRC is a wholly owned subsidiary of Chase.  The Substitution was also signed by Colleen Irby, who Plaintiff believes is not an officer, employee or agent of Chase.  (FAC ¶ 45).  Additionally, on that same day, CRC, as the new trustee under the Deed, executed a Notice of Default ("NOD").  (FAC ¶ 50.)

     On June 20, 2011, CRC executed a Notice of Trustee's Sale ("NOTS").  Plaintiff alleges that the NOTS was unsigned, but was said to be on the authority of Regina Cantrell, Assistant Secretary of CRC, as Trustee.  (Id. at ¶ 43).  A public auction of the Subject Property was set for October 12, 2011.

     Plaintiff filed a verified complaint alleging seven causes of action, including violations of California Civil Code § 2923.5 and

California Civil Code § 2924f, against Defendants in connection with their attempt to foreclose upon Plaintiff's home.  Defendants MERS, CRC, Chase, and BANA filed a Motion to Dismiss.  Defendant AMN filed a separate Motion to Dismiss.  This court granted both motions, dismissing all causes of action against AMN with prejudice and dismissing all other claims with leave to amend.  Plaintiff subsequently filed a First Amended Complaint alleging six causes of action that were also alleged in the original complaint.  Defendants now move to dismiss the FAC in its entirety.

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

1    "When there are well-pleaded factual allegations, a court
2    should assume their veracity and then determine whether they
3    plausibly give rise to an entitlement of relief." Id. at 679.
4    Plaintiffs must allege "plausible grounds to infer" that their
5    claims rise "above the speculative level." Twombly, 550 U.S. at
6    555. "Determining whether a complaint states a plausible claim for
7    relief" is a "context-specific task that requires the reviewing
8    court to draw on its judicial experience and common sense." Iqbal,
9    556 U.S. at 679.

10   **III. Discussion**

11        A.   Tender

12        As in their first motion, Defendants argue that all of
13   Plaintiff's causes of action, except for the first cause of action
14   for violation of California Civil Code § 2923.5, are barred because
15   Plaintiff has failed to satisfy the tender rule.  To repeat, "when
16   a debtor is in default of a home mortgage loan, and a foreclosure
17   is either pending or has taken place, the debtor must allege a
18   credible tender of the amount of the secured debt to maintain any
19   cause of action for wrongful foreclosure." Alicea v. GE Money
20   Bank, 2009 WL 2136969 *3 (N.D. Cal. 2009).  The tender requirement
21   spares courts from being called upon to "order a useless act
22   performed" in cases where plaintiffs would be unable, even under
23   proper sale procedures, to redeem a property.  FPCI RE-HAB 01 v. E
24   & G Investments, Ltd., 207 Cal.App.3d 1018, 1021-22 (1989).  An
25   exception to the tender rule may apply, however, where it would be
26   inequitable to require tender.  Onofrio v. Rice, 55 Cal. App. 4th
27   413, 424 (1997).  Courts have applied the equitable exception to
28   the tender rule where plaintiffs contest the validity of a

4

foreclosure prior to the foreclosure sale.  <u>See</u>, <u>e.g.</u>, <u>Tamburri v. Suntrust Mortgage, Inc.</u>, 2011 WL 6294472 *3, 5 (N.D. Cal. December 15, 2011); <u>Sacchi v. Mortgage Electronic Registration Systems, Inc.</u>, 2011 WL 2533029 *9-10 (C.D. Cal. June 24, 2011).  The court dismissed Plaintiff's original claims for failure to allege tender, but granted Plaintiff leave to amend to allege specific facts to support his claim that the pending foreclosure sale is void.  <u>See</u> <u>Tamburri</u>, 2011 WL at *5; <u>Sacchi</u>, 2011 WL at *8.

Plaintiff appears to argue that the Note is void, and therefore the tender rule does not apply, because "there was no shared expectation – no meeting of the minds – no contract was formed between Plaintiff and AMN." (FAC ¶ 32.)  The FAC does not, however, include any specific factual allegations supporting the assertion that a meeting of the minds was lacking.  Plaintiff's opposition points to paragraphs seventy-four to seventy-seven of the FAC.  Those paragraphs, however, simply assert, without factual support, that CRC, BANA, MERS, and Chase, respectively, have no standing to enforce the note because the note is void, and, alternatively, no defendant is the owner, holder or beneficiary of the Note.  These tautological assertions cannot support Plaintiff's allegation that the Note is void ab initio.[1] [2]

---

[1]  The court notes that Plaintiff's allegations regarding the lack of any agreement between himself and the lender appear to be cut-and-pasted from his original Fifth Cause of Action for "No Contract," which the court dismissed with prejudice.  In the "No Contract" context, courts addressing identical allegations that a lack of meeting of the minds rendered loan documents void have required tender.  <u>See</u>, <u>e.g.</u>, <u>Rosas v. Carnegie Mortg., LLC</u>, No. CV 11-7692 CAS, 2012 WL 1865480 at *9 (C.D. Cal. May 21, 2012).

[2] Defendants further argue that to the extent Plaintiff argues that the Note is void due to flaws in the securitization process,
(continued...)

1    Plaintiff also argues, in the alternative, that he has
2    tendered.  The FAC includes a new "tender offer," which states that
3    "Plaintiff does not believe that the Note is valid . . . .
4    However, Plaintiff is and remains ready, willing and able and
5    hereby makes an unconditional offer of performance of his
6    obligations under the Note to the holder of the Note, if any."
7    (FAC ¶ 48.)  This allegation is insufficient to satisfy the tender
8    rule.  "[I]t is a debtor's responsibility to make an unambiguous
9    tender of the entire amount due . . . ."  <u>Gaffney v. Downey Savings</u>
10   <u>& Loan Association</u>, 200 Cal.App.3d 1154, 1165 (1988).  Furthermore,
11   an allegation of ability to tender the entire amount borrowed must
12   be credible.  <u>Chavers v. GMAC Mortg., LLC</u>, No. 11-cv-1097 ODW, 2012
13   WL 2343202 at *9-10 (C.D. Cal. Jun. 20, 2012).  Plaintiff's vague
14   offer "of performance" is not the unambiguous, complete offer
15   required under the circumstances.
16       Having again failed to allege any specific facts to support
17   his assertion that the Note is void, Plaintiff's second through
18   sixth causes of action are dismissed with prejudice.
19       B.   California Civil Code § 2923.5
20       Plaintiff's First Cause of Action for violation of California
21   Civil Code § 2923.5 remains founded upon the allegation that the
22   declaration of compliance was not signed by someone with personal
23   knowledge.  (Compl. ¶¶ 41, 44).  The court explained in its earlier

24

25       [2](...continued)
26   Plaintiff lacks standing to challenge any transfers made as a part
     of that process.  The court agrees that Plaintiff lacks standing to
27   challenge the securitization process.  <u>Junger v. Bank of America,</u>
     <u>N.A.</u>, No. CV 11-10419 CAS, 2012 WL 603262 at *3 (C.D. Cal. Feb. 24,
28   2012).  It is not clear to the court, however, that Plaintiff
     raises such an argument.

1   order dismissing the First Cause of Action that California does not

2   require the declaration of compliance to be signed by a person with

3   firsthand knowledge of the foreclosure proceedings.  Mabry v.

4   Superior Court, 185 Cal. App. 4th 208, 233 (2010)(stating that "too

5   many people are necessarily involved in the process for one person

6   to likely be in the position where he or she could swear that all

7   three requirements of the declaration . . . were met.").

8       A mortgage servicer, mortgagee, trustee, beneficiary, or agent

9   may only record a notice of default under certain circumstances.  A

10  servicer may meet its obligations by, for example, contacting the

11  borrower to explore options for the borrower to avoid foreclosure.

12  Cal. Civ. Code § 2923.5(a)(2)).  The FAC includes a new allegation

13  that no representative of Chase or CRC contacted him prior to

14  recordation of the Notice of Default.   A servicer may also satisfy

15  Section 2923.5, however, by attempting to contact the borrower with

16  due diligence.  Cal. Civ. Code § 2923.5(a)(2)(e).  Plaintiff's

17  allegation that no Defendant contacted him is, therefore,

18  insufficient to establish a violation of Section 2923.5.[3]

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

27      [3] Plaintiff's Opposition makes no mention of the specific

28  requirements of Section 2923.5, and instead addresses arguments not
    raised by Defendants.

**IV.     Conclusion**

        For the reasons stated above, Defendant's Motion is GRANTED. Plaintiff's FAC fails to remediate the deficiencies of the original complaint.   Because further amendment would be futile, Plaintiff's claims are dismissed with prejudice.


IT IS SO ORDERED.



Dated: March 28, 2013

                                        _____
                                        DEAN D. PREGERSON
                                        United States District Judge