O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL BOWE, | ) | Case No. CV 11-08381 DDP (SHx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| AMERICAN MORTGAGE NETWORK, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CALIFORNIA RECONVEYANCE COMPANY; JP MORGAN CHASE BANK, NA; BANK OF AMERICA, NA, | ) | [Dkt. No. 39] |
| Defendants. | ) | |
| _____ | ) | |

Presently before the court is the Motion to Dismiss First Amended Complaint filed by Defendants Mortgage Electronic Registration System, Inc. ("MERS"); California Reconveyance Company ("CRC"); JP Morgan Chase Bank, N.A. ("Chase"); and Bank of America, N.A. ("BANA") (collectively "Defendants"). Having considered the submissions of the parties, the court grants the motion and adopts the following order.

///

# I. Background

As described in this court's earlier order granting Defendants' motion to dismiss, Plaintiff Michael Bowe obtained home loan refinancing ("Loan" or "Note")that was secured by a Deed of Trust ("Deed") to the property located at 3958 Keeshen Drive, Los Angeles, California 90066 on October 26, 2005.  The Deed listed Defendant MERS as beneficiary of the Deed and the nominee for the lender.

Sometime between October 26, 2005, and March 17, 2011, the lender transferred the Note to an investment trust.  On March 18, 2011, MERS assigned the beneficial interest under the Deed to BANA. (FAC ¶ 39.)  The Assignment was signed by Colleen Irby, who Plaintiff believes is not an officer, employee or agent of MERS. (FAC ¶ 41.)  The same day, BANA executed a Substitution of Trustee ("Substitution"), identifying Defendant CRC as the new trustee under the Deed.  (FAC ¶ 43.)  Plaintiff alleges that CRC is a wholly owned subsidiary of Chase.  The Substitution was also signed by Colleen Irby, who Plaintiff believes is not an officer, employee or agent of Chase.  (FAC ¶ 45).  Additionally, on that same day, CRC, as the new trustee under the Deed, executed a Notice of Default ("NOD").  (FAC ¶ 50.)

On June 20, 2011, CRC executed a Notice of Trustee's Sale ("NOTS").  Plaintiff alleges that the NOTS was unsigned, but was said to be on the authority of Regina Cantrell, Assistant Secretary of CRC, as Trustee. (Id. at ¶ 43).  A public auction of the Subject Property was set for October 12, 2011.

Plaintiff filed a verified complaint alleging seven causes of action, including violations of California Civil Code § 2923.5 and

1  California Civil Code § 2924f, against Defendants in connection
2  with their attempt to foreclose upon Plaintiff's home.  Defendants
3  MERS, CRC, Chase, and BANA filed a Motion to Dismiss.  Defendant
4  AMN filed a separate Motion to Dismiss.  This court granted both
5  motions, dismissing all causes of action against AMN with prejudice
6  and dismissing all other claims with leave to amend.  Plaintiff
7  subsequently filed a First Amended Complaint alleging six causes of
8  action that were also alleged in the original complaint.
9  Defendants now move to dismiss the FAC in its entirety.

10  **II.  Legal Standard**

11      A complaint will survive a motion to dismiss when it contains
12  "sufficient factual matter, accepted as true, to state a claim to
13  relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.
14  662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,
15  570 (2007)).  When considering a Rule 12(b)(6) motion, a court must
16  "accept as true all allegations of material fact and must construe
17  those facts in the light most favorable to the plaintiff." Resnick
18  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint
19  need not include "detailed factual allegations," it must offer
20  "more than an unadorned, the-defendant-unlawfully-harmed-me
21  accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or
22  allegations that are no more than a statement of a legal conclusion
23  "are not entitled to the assumption of truth." Id. at 679.  In
24  other words, a pleading that merely offers "labels and
25  conclusions," a "formulaic recitation of the elements," or "naked
26  assertions" will not be sufficient to state a claim upon which
27  relief can be granted.  Id. at 678 (citations and internal
28  quotation marks omitted).

1    "When there are well-pleaded factual allegations, a court
2    should assume their veracity and then determine whether they
3    plausibly give rise to an entitlement of relief." Id. at 679.
4    Plaintiffs must allege "plausible grounds to infer" that their
5    claims rise "above the speculative level." Twombly, 550 U.S. at
6    555. "Determining whether a complaint states a plausible claim for
7    relief" is a "context-specific task that requires the reviewing
8    court to draw on its judicial experience and common sense." Iqbal,
9    556 U.S. at 679.

10   **III. Discussion**

11       A.   Tender

12       As in their first motion, Defendants argue that all of
13   Plaintiff's causes of action, except for the first cause of action
14   for violation of California Civil Code § 2923.5, are barred because
15   Plaintiff has failed to satisfy the tender rule.  To repeat, "when
16   a debtor is in default of a home mortgage loan, and a foreclosure
17   is either pending or has taken place, the debtor must allege a
18   credible tender of the amount of the secured debt to maintain any
19   cause of action for wrongful foreclosure." Alicea v. GE Money
20   Bank, 2009 WL 2136969 *3 (N.D. Cal. 2009).  The tender requirement
21   spares courts from being called upon to "order a useless act
22   performed" in cases where plaintiffs would be unable, even under
23   proper sale procedures, to redeem a property.  FPCI RE-HAB 01 v. E
24   & G Investments, Ltd., 207 Cal.App.3d 1018, 1021-22 (1989).  An
25   exception to the tender rule may apply, however, where it would be
26   inequitable to require tender.  Onofrio v. Rice, 55 Cal. App. 4th
27   413, 424 (1997).  Courts have applied the equitable exception to
28   the tender rule where plaintiffs contest the validity of a

4

1  foreclosure prior to the foreclosure sale.  See, e.g., Tamburri v.

2  Suntrust Mortgage, Inc., 2011 WL 6294472 *3, 5 (N.D. Cal. December

3  15, 2011); Sacchi v. Mortgage Electronic Registration Systems,

4  Inc., 2011 WL 2533029 *9-10 (C.D. Cal. June 24, 2011).  The court

5  dismissed Plaintiff's original claims for failure to allege tender,

6  but granted Plaintiff leave to amend to allege specific facts to

7  support his claim that the pending foreclosure sale is void.  See

8  Tamburri, 2011 WL at *5; Sacchi, 2011 WL at *8.

9      Plaintiff appears to argue that the Note is void, and

10 therefore the tender rule does not apply, because "there was no

11 shared expectation – no meeting of the minds – no contract was

12 formed between Plaintiff and AMN." (FAC ¶ 32.)  The FAC does not,

13 however, include any specific factual allegations supporting the

14 assertion that a meeting of the minds was lacking.  Plaintiff's

15 opposition points to paragraphs seventy-four to seventy-seven of

16 the FAC.  Those paragraphs, however, simply assert, without factual

17 support, that CRC, BANA, MERS, and Chase, respectively, have no

18 standing to enforce the note because the note is void, and,

19 alternatively, no defendant is the owner, holder or beneficiary of

20 the Note.  These tautological assertions cannot support Plaintiff's

21 allegation that the Note is void ab initio.[1] [2]

22

23 [1]  The court notes that Plaintiff's allegations regarding the
lack of any agreement between himself and the lender appear to be
24 cut-and-pasted from his original Fifth Cause of Action for "No
Contract," which the court dismissed with prejudice.  In the "No
25 Contract" context, courts addressing identical allegations that a
lack of meeting of the minds rendered loan documents void have
26 required tender.  See, e.g., Rosas v. Carnegie Mortg., LLC, No. CV
11-7692 CAS, 2012 WL 1865480 at *9 (C.D. Cal. May 21, 2012).

27 [2] Defendants further argue that to the extent Plaintiff argues
that the Note is void due to flaws in the securitization process,
28
(continued...)

1    Plaintiff also argues, in the alternative, that he has
2  tendered.  The FAC includes a new "tender offer," which states that
3  "Plaintiff does not believe that the Note is valid . . . .
4  However, Plaintiff is and remains ready, willing and able and
5  hereby makes an unconditional offer of performance of his
6  obligations under the Note to the holder of the Note, if any."
7  (FAC ¶ 48.)  This allegation is insufficient to satisfy the tender
8  rule.  "[I]t is a debtor's responsibility to make an unambiguous
9  tender of the entire amount due . . . ."  <u>Gaffney v. Downey Savings</u>
10  <u>& Loan Association</u>, 200 Cal.App.3d 1154, 1165 (1988).  Furthermore,
11  an allegation of ability to tender the entire amount borrowed must
12  be credible.  <u>Chavers v. GMAC Mortg., LLC</u>, No. 11-cv-1097 ODW, 2012
13  WL 2343202 at *9-10 (C.D. Cal. Jun. 20, 2012).  Plaintiff's vague
14  offer "of performance" is not the unambiguous, complete offer
15  required under the circumstances.
16    Having again failed to allege any specific facts to support
17  his assertion that the Note is void, Plaintiff's second through
18  sixth causes of action are dismissed with prejudice.
19    B.   California Civil Code § 2923.5
20    Plaintiff's First Cause of Action for violation of California
21  Civil Code § 2923.5 remains founded upon the allegation that the
22  declaration of compliance was not signed by someone with personal
23  knowledge.  (Compl. ¶¶ 41, 44).  The court explained in its earlier
24
25        [2](...continued)
26  Plaintiff lacks standing to challenge any transfers made as a part
   of that process.  The court agrees that Plaintiff lacks standing to
27  challenge the securitization process.  <u>Junger v. Bank of America,</u>
   <u>N.A.</u>, No. CV 11-10419 CAS, 2012 WL 603262 at *3 (C.D. Cal. Feb. 24,
28  2012).  It is not clear to the court, however, that Plaintiff
   raises such an argument.

order dismissing the First Cause of Action that California does not require the declaration of compliance to be signed by a person with firsthand knowledge of the foreclosure proceedings.  <u>Mabry v. Superior Court</u>, 185 Cal. App. 4th 208, 233 (2010)(stating that "too many people are necessarily involved in the process for one person to likely be in the position where he or she could swear that all three requirements of the declaration . . . were met.").

A mortgage servicer, mortgagee, trustee, beneficiary, or agent may only record a notice of default under certain circumstances.  A servicer may meet its obligations by, for example, contacting the borrower to explore options for the borrower to avoid foreclosure.  Cal. Civ. Code § 2923.5(a)(2)).  The FAC includes a new allegation that no representative of Chase or CRC contacted him prior to recordation of the Notice of Default.  A servicer may also satisfy Section 2923.5, however, by attempting to contact the borrower with due diligence.  Cal. Civ. Code § 2923.5(a)(2)(e).  Plaintiff's allegation that no Defendant contacted him is, therefore, insufficient to establish a violation of Section 2923.5.[3]

///
///
///
///
///
///
///

---

[3] Plaintiff's Opposition makes no mention of the specific requirements of Section 2923.5, and instead addresses arguments not raised by Defendants.

1    **IV.    Conclusion**

2         For the reasons stated above, Defendant's Motion is GRANTED.

3    Plaintiff's FAC fails to remediate the deficiencies of the original

4    complaint.   Because further amendment would be futile, Plaintiff's

5    claims are dismissed with prejudice.

6

7    <u>IT IS SO ORDERED.</u>

8

9

10   <u>Dated: March 28, 2013</u>

11                                            DEAN D. PREGERSON
                                             United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28